1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17

DON JOSE LAMB,                    )    NO. CV 12-1605 AGR
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )    **MEMORANDUM OPINION AND**
MICHAEL J. ASTRUE,                )    **ORDER**
Commissioner of Social Security,  )
                                  )
            Defendant.            )
_____   )

18        Plaintiff Don Jose Lamb filed this action on February 24, 2012.  Pursuant to

19   28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge

20   on April 10 and 13, 2012.  (Dkt. Nos. 11, 12.)  On September 28, 2012, the

21   parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The

22   court has taken the matter under submission without oral argument.

23        Having reviewed the entire file, the court affirms the decision of the

24   Commissioner.

25
26
27
28

1

**I.**

2

## PROCEDURAL BACKGROUND

3       On May 27, 2009, Lamb filed an application for disability insurance

4  benefits.  Administrative Record ("AR") 118-19.  On May 28, 2009, Lamb filed an

5  application for supplemental security income.  AR 125-131.  In both applications,

6  he alleged a disability onset date of December 31, 2001.  AR 118, 125.  The

7  applications were denied initially and on reconsideration.  AR 55-58.  Lamb

8  requested a hearing before an Administrative Law Judge ("ALJ").  AR 78.  On

9  November 2, 2010, the ALJ conducted a hearing at which Lamb, a medical

10  expert and a vocational expert testified.  AR 39-54.  On November 18, 2010, the

11  ALJ issued a decision denying benefits.  AR 19-29.  On January 5, 2012, the

12  Appeals Council denied Lamb's request for review.  AR 1-5.  This action followed.

13

**II.**

14

## STANDARD OF REVIEW

15       Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's

16  decision to deny benefits.  The decision will be disturbed only if it is not supported

17  by substantial evidence, or if it is based upon the application of improper legal

18  standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam);

19  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

20       "Substantial evidence" means "more than a mere scintilla but less than a

21  preponderance – it is such relevant evidence that a reasonable mind might

22  accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In

23  determining whether substantial evidence exists to support the Commissioner's

24  decision, the court examines the administrative record as a whole, considering

25  adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

26  evidence is susceptible to more than one rational interpretation, the court must

27  defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

28

**III.**

**DISCUSSION**

### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B.    The ALJ's Findings

The ALJ found Lamb has the medically determinable impairments of mild degenerative changes at L5-S1 with partial sacralization and status post gunshot wound to the lower back. AR 24. Lamb has the residual functional capacity ("RFC") to perform a full range of medium work. AR 27. He can perform his past relevant work as a janitor and security guard. AR 28.

### C.    Treating Physician

On July 23, 2010, Dr. Bleakley co-signed a "Physical Residual Functional Capacity Questionnaire" prepared by a physician assistant ("Celona"). AR 338. Lamb contends the ALJ did not properly consider that opinion.[1]

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When, as here, a treating

---

[1] The ALJ considered Celona's opinion as coming from a treating physician. AR 28. Because Celona's assessment is co-signed by a medical doctor, this court also considers the opinion as coming from an acceptable source. *See, e.g., Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.1996).

3

physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On the Questionnaire, Celona diagnosed Lamb with hypertension, tobacco abuse, substance abuse disorder – alcohol, mild disc space narrowing at L5-S1, chronic low back pain, dyslipidemia and carpal tunnel syndrome.  AR 335. Celona opined that Lamb can sit, stand and walk less than 2 hours in an 8-hour day.  AR 337.  He requires a break every 10-15 minutes.  *Id.*  Lamb can lift and/or carry less than ten pounds occasionally, ten pounds rarely, and never more than twenty pounds.  *Id.*  He would be absent from work more than four days per month.  AR 338.

The ALJ rejected Celona's opinion because it was unsupported by the objective findings in the record and was contradicted by the medical expert's opinion.  AR 28.  The ALJ articulated specific and legitimate reasons supported by substantial evidence in the record for discounting Celona's opinion.

The ALJ noted that, in the six months leading up to Celona's July 23, 2010 opinion, Lamb reported that his pain was well controlled with medication.[2]  AR 26, 253, 323-25.  The ALJ also examined the prior medical records, which generally reflected mild, normal or improved findings.  *See generally* AR 24-26, 190-99, 201-09, 211-29, 234-89, 317-26, 344-62; *Macri v. Chater*, 93 F.3d 540, 543-44

---

[2]  The ALJ noted that, on the date Celona filled out the forms, Lamb reported that he had lower back pain and stiffness, and was unable to tolerate sitting or standing for more than 5-10 minutes at a time.  AR 26, 320.

1   (9th Cir.1996) (ALJ is entitled to draw inferences logically flowing from the

2   evidence).

3       The ALJ also relied upon the medical expert's opinion.  AR 28.  "'The

4   opinion of a nonexamining physician cannot by itself constitute substantial

5   evidence that justifies the rejection of the opinion of either an examining physician

6   *or* a treating physician.'"  *Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194,

7   1202 (9th Cir. 2008) (citation omitted; emphasis in original). A non-examining

8   physician's opinion may serve as substantial evidence when it is supported by

9   other evidence in the record and is consistent with it, which is the case here.

10  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  The medical expert's

11  area of specialty was orthopedic surgery.  AR 28, 107; 20 C.F.R. §§

12  404.1527(d)(5), 416.927(d)(5).  He opined that Celona's restrictive opinion was

13  not supported by objective medical findings in the record. AR 28, 47-48.  The

14  medical expert's opinion was consistent with the opinion of consultative examiner,

15  Dr. Enriquez.[3]  AR 46-47.  *See Magallanes v. Bowen*, 881 F.2d 747, 751–55 (9th

16  Cir.1989) (ALJ may give less weight to treating physician based on testimony of

17  non-examining physician that was consistent with record evidence).

18      The ALJ's rejection of Celona's evaluation is supported by substantial

19  evidence.  *See Orn*, 495 F.3d at 632.

20

21      [3] On July 21, 2009, Dr. Enriquez examined Lamb.  AR 246-49.  An x-ray on
22  the same date reflected mild degenerative disease at L5-S1 associated with
    partial sacralization.  AR 250.  His cervical spine exhibited normal range of
    motion with no tenderness to palpation or muscle spasm.  AR 248.  There was
23  tenderness on the lumbosacral spine area with decreased range of motion at
    70/90 degrees on flexion with no muscle spasms.  Lamb's supine straight leg
24  raising was positive at 70 degrees but was negative when sitting.  *Id.*
    Examination of all extremities were within normal limits.  *Id.*  Dr. Enriquez noted
25  that Lamb's gait and balance were within normal limits and that he did not require
    an assistive device for ambulation at the time, but observed that Lamb was using
26  a single point cane.  *Id.*  Lamb had normal muscle tone and his strength was 5/5
    throughout.  *Id.*  Lamb could occasionally lift and/or carry 50 pounds and
27  frequently lift and/or carry 25 pounds.  He can sit, stand and/or walk with normal
    breaks for six hours in an eight-hour workday.  He can frequently bend, stoop and
28  twist.  He can also do above-the-shoulder lifting, pushing and pulling.  AR 249.

### E.   <u>Credibility</u>

Lamb contends the ALJ did not properly consider his subjective symptoms. Lamb testified that he was unable to work because he has a "bad back, bad shoulders, and the arm on my left side goes numb."  AR 44.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found that Lamb's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms.  AR 27.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13) (quotation marks omitted).

1    The ALJ found that Lamb's statements concerning the intensity,

2    persistence and limiting effects of his symptoms were not credible to the extent

3    they were inconsistent with his RFC assessment.  AR 27. The ALJ discounted

4    Lamb's credibility for two reasons:  (1) conservative treatment; and (2) lack of

5    objective medical evidence supporting the degree of limitations.

6    An ALJ may discount a claimant's testimony based on evidence of

7    conservative treatment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.2007); *see*

8    *also Orn*, 495 F.3d at 638.  The ALJ found that Lamb's hypertension was well

9    controlled with medication when he was compliant, and his complaint of non-

10   dominant hand numbness was resolved by the subsequent visit.  AR 27-28.  As

11   discussed above, the ALJ found that Lamb's back pain was controlled with

12   medication.  AR 26, 253, 323-25.  The ALJ concluded that Lamb's complaints

13   were minimal and resolved with conservative treatment (medication).  AR 28.

14   The record does not contain any prescription for more aggressive treatment.  *See*

15   *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.2008) (describing

16   anti-inflammatory medication as conservative treatment).

17   Although lack of medical evidence cannot form the sole basis for

18   discounting pain testimony, it is a factor that the ALJ can consider in his credibility

19   analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  For the reasons

20   discussed above, substantial evidence supports the ALJ's finding that the

21   objective medical record did not corroborate the degree of Lamb's allegations of

22   disabling limitations.

23   The ALJ's credibility finding is supported by substantial evidence.  "If the

24   ALJ's credibility finding is supported by substantial evidence in the record, we

25   may not engage in second-guessing."  *Thomas*, 278 F.3d at 959 (citing *Morgan v.*

26   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

27

28

**IV.**

**<u>ORDER</u>**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 19, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

8